19-3335-cv
Charles v. Seinfeld

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of May, two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges*.

_____

CHRISTIAN CHARLES,

                     *Plaintiff-Appellant*,

             v.                                          19-3335

JERRY SEINFELD, COLUMBUS 81 PRODUCTIONS, INC.,
(AND NEW MATERIAL, LLC), COMEDIANS IN CARS, LLC,
SONY PICTURES TELEVISION INC., NETFLIX, INC.,
EMBASSY ROW, LLC,

                     *Defendants-Appellees*.

EMBASSY ROW, MICHAEL DAVIES, CEO,

                     *Defendant*.

_____

Appearing for Appellant:     Peter L. Skolnik, Clark Guldin, Montclair, N.J.

Appearing for Appellee:      Orin Snyder (David M. Kusnetz, *on the brief*), Gibson, Dunn &
                             Crutcher LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellant Christian Charles appeals from the September 30, 2019 judgment of the United States District Court for the Southern District of New York (Nathan, *J.*) granting defendants' motion to dismiss on the ground that Charles's copyright infringement claims were time-barred.

In February 2018, Charles sued comedian Jerry Seinfeld and other defendants in a copyright infringement action based on his claimed authorship of the television series, *Comedians in Cars Getting Coffee*, a show whose pilot episode Charles and his production company helped develop in 2011. To maintain an action for infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (internal quotation marks and citation omitted). Claims under the Copyright Act must be brought "within three years after the claim [has] accrued." 17 U.S.C. § 507(b). When "ownership is the dispositive issue" in an infringement case and the "ownership claim is time-barred," the infringement claim itself is also time-barred, even if any allegedly infringing activity occurred within the limitations period. *Kwan*, 634 F.3d at 230; *see also Simmons v. Stanberry*, 810 F.3d 114, 116 (2d Cir. 2016). An ownership claim accrues only once, when a reasonably diligent plaintiff would have discovered that ownership was disputed. *Kwan*, 634 F.3d at 228.

We conclude that the district court was correct in granting defendants' motion to dismiss, for substantially the same reasons that it set out in its well-reasoned opinion. The dispositive issue in this case is whether Charles's alleged "contributions . . . qualify [him] as the author and therefore owner" of the copyrights to the show. *Kwan*, 634 F.3d at 229. Charles disputes that his claim centers on ownership. But that argument is seriously undermined by his statements in various filings throughout this litigation which consistently assert that ownership is a central question. To take one example, the Memorandum in Opposition to Defendants' Motion to Dismiss stated that "[r]esolution of this case depends upon the answer to one simple question: who is the author of the [*Comedians in Cars Getting Coffee*] Pilot." As the district court explained, "authorship is merely one path to ownership of a copyright." App'x at 274. Charles asserts that he owns a copyright in the pilot episode of the show because he is its author; Seinfeld disputes that claim, contending that he conceived that show and that Charles did his work as a hired producer and director. Therefore, the central issue is clearly a dispute over ownership, as opposed to a dispute over whether subsequent iterations of the show make use of the material in the script for the pilot.

Charles's infringement claim is therefore time-barred because his ownership claim is time-barred. The district court identified two events described in the Second Amended Complaint that would have put a reasonably diligent plaintiff on notice that his ownership claims were disputed. First, in February 2012, Seinfeld rejected Charles's request for backend compensation and made it clear that Charles's involvement would be limited to a work-for-hire basis. *See Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 318 (2d Cir.

2013) (noting that a copyright ownership claim would accrue when the defendant first communicates to the plaintiff that the defendant considers the work to be a work-for-hire). Second, the show premiered in July 2012 without crediting Charles, at which point his ownership claim was publicly repudiated. *See Kwan*, 634 F.3d at 227. Either one of these developments was enough to place Charles on notice that his ownership claim was disputed and therefore this action, filed six years later, was brought too late.

We have considered the remainder of Charles's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk